UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULLETO ROGERS,

    Plaintiff,                                        Case No. 15-cv-13942
                                                 Hon. Matthew F. Leitman

v.

34TH DISTRICT COURT,

    Defendants.
_____/

**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS (ECF #2) AND (2) DISMISSING PLAINTIFF'S COMPLAINT (ECF #1) WITHOUT PREJUDICE**

**INTRODUCTION**

On November 9, 2015, Plaintiff Paulleto Rogers ("Plaintiff") filed a *pro se* Complaint in which he attempts to assert claims against the 34th District Court for the State of Michigan (the "Complaint"). (*See* ECF #1.) Plaintiff also filed an application to proceed without the prepayment of fees or costs (the "Application"). (*See* ECF #2.) Having reviewed Plaintiff's submissions, the Court **GRANTS** the Application and **DISMISSES** the Complaint **WITHOUT PREJUDICE**.

**ANALYSIS**

**A.    The Application**

Applications to proceed without prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1). This statute provides that a federal court "may authorize

1

the commencement ... of any suit, action, or proceeding ... by a person who submits an affidavit that includes a statement of all assets ... that the person is unable to pay such fees...." *Id.* In the Application, Plaintiff avers that he earns no wages, has no money in any bank accounts, and has no sources of income. (*See* Application at 1-2, Pg. ID 7-8.) The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause an undue financial hardship on Plaintiff. The Court therefore grants the Application and permits Plaintiff to file the Complaint without prepaying the filing fee.

**B.     Dismissal of the Complaint**

The Court is required to screen all complaints filed by plaintiffs proceeding without the prepayment of fees or costs and dismiss those that (i) are frivolous or malicious, (ii) fail to state a claim upon which relief may be granted, and/or (iii) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

While the Court is obligated to liberally construe documents filed by *pro se* plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint must still plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (holding that the

2

dismissal standard of *Iqbal* applies to a Court's review of a complaint under § 1915(e)(2) for failure to state a claim). The Court will therefore dismiss a complaint that does not state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

The Complaint, in toto, states as follows:

> 34th DC failed to state a claim for which relief can be granted[.] 34th DC failed to reassign and[/]or disqualify themselves. SCAO utterly refuse [sic] to acknowledge and comply with Michigan case rule not a court of jurisdiction venue. Unconscionable acts of the administration of justice. Pursuant to the articles [sic] VI of section 3 state of MI color of law.

(Compl. at 1-2, Pg. ID 1-2.) As relief, Plaintiff requests the following:

> a [sic] judgment equitable fair and just, I pray enter a favorable judgment consent agreement. Grant my waiver, consider appointing counsel, serve all documents upon 34th DC; Requesting to proceed without costs. Grant service by marshal[.]

(*Id.* at 2, Pg. ID 2.)

To the extent the Court can discern Plaintiff's allegations, they fall short of the pleading standards *Iqbal* requires. Nor has Plaintiff identified any federal claims or otherwise pleaded how this Court has jurisdiction over his claims. Accordingly, the Complaint is subject to summary dismissal pursuant to § 1915(e)(2).

## CONCLUSION

For all of the reasons stated above, **IT IS HEREBY ORDERED** that the Application (ECF #2) is **GRANTED** and the Complaint (ECF #1) is **DISMISSED WITHOUT PREJUDICE**.  The Court further concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997).

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated:  January 13, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(313) 234-5113

4